FILED
2023 Jul-27 PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **SOUTHERN OIL COMPANY, INC.,** | ) | |
| **an Alabama corporation; and** | ) | |
| **SIPSEY RIVER OIL CORPORATION,** | ) | |
| **an Alabama corporation.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No. ____________** |
| **vs.** | ) | |
| | ) | |
| **CROSSAMERICA PARTNERS LP,** | ) | |
| **a Delaware limited partnership.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT SEEKING
INJUNCTIVE RELIEF AND DAMAGES**

Plaintiffs, Southern Oil Company, Inc. and Sipsey River Oil Corporation ("Plaintiffs"), file this Complaint against Defendant CrossAmerica Partners LP and assert as follows:

1. Plaintiff Southern Oil Company, Inc. is an Alabama corporation which has its principal place of business at 8596 Hwy 18, Vernon, Alabama 35592, which, among other things, markets gasoline at wholesale and retail in the state of Alabama and elsewhere, including Pickens County, Alabama. It sells motor fuel products on consignment at one (1) Chevron-branded location in Gordo, Pickens County, Alabama at 24921 US Highway 82, Gordo.

2. Plaintiff Sipsy River Oil Corporation is an Alabama corporation with its principal place of business at 8596 Hwy 18, Vernon, Alabama 35592, which, among other things, markets gasoline at wholesale and retail in the state of Alabama, including Pickens County, Alabama. It sells motor fuel products on consignment at one (1) Texaco-branded location in Elrod, Tuscaloosa County, Alabama at 17945 US Highway 82, Elrod.

3. Defendant CrossAmerica Partners LP ("CrossAmerica") is a Delaware limited partnership with its principal address at 1209 Orange Street, Wilmington, Delaware. CrossAmerica sells motor fuel at the retail and wholesale levels and owns and/or operates over 250 convenience stores, selling motor fuel products at locations across 10 states in the United States. It sells fuel at retail at its Exxon-branded location at 378 2nd Street SW, Gordo, Pickens County, Alabama (the "Facility").

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 based on the diversity of citizenship of the parties as set forth in Paragraphs 1 through 3 hereinabove. The value of the relief sought by Plaintiff to include preliminary and permanent injunctive relief, damages and attorney fees exceeds the amount in controversy threshold of $75,000.00, exclusive of interest and costs.

5. The Alabama Motor Fuel Marketing Act (the "Act") § 8-22-1 et seq. (Ala. 1975) as amended, is now 39 years old, having been passed by the Alabama Legislature in 1984. In its passage, the Legislature significantly found, among other things, the following:

(1) That the marketing of motor fuel was affected with the public interest.

(2) That unfair competition in the marketing of motor fuel occurs whenever costs associated with the marketing of motor fuel are recovered from other operations, allowing the refined motor fuel to be sold at subsidized prices. Such subsidies most commonly occur in one of three ways: when refiners use profits from refining of crude oil to cover below normal or negative returns earned from motor fuel marketing operations; where a marketer with more than one location uses profits from one location to cover losses from below-cost selling of motor fuel at another location; and where a business uses profits from nonmotor fuel sales to cover losses from below-cost selling of motor fuel.

(3) Independent motor fuel marketers (i.e., dealers, distributions, jobbers, and wholesalers) are unable to survive predatory subsidized pricing at the marketing level by persons when all of an independent's income comes from marketing operations.

> (4) Subsidized pricing is inherently predatory and is reducing competition in the petroleum industry, and if it continues unabated, will ultimately threaten the consuming public.

*See Ala. Code* §8-22-2(1975).

6. Further, the Legislature found that it was the legislative intent to:

> "…encourage fair and honest competition, and to safeguard the public against creation of monopolies or unfair methods of competition in transactions involving the sale of, or offer to sell, or inducement to sell motor fuel in the wholesale and retail trades in this state. It is further declared that the advertising, offering for sale, or sale of motor fuel below cost or at a cost lower than charged other persons on the same marketing level with the intent of injuring competitors or destroying or substantially lessening competition is an unfair and deceptive trade practice. The policy of the state is to promote the general welfare through the prohibition of such sales. The purpose of the Motor Fuel Marketing Act is to carry out that policy in the public interest, providing for exceptions under stated circumstances, providing for enforcement and providing penalties."

*See Ala. Code* §8-22-3.

## COUNT I

## BELOW COST SALES

7. Plaintiffs incorporate herein by reference the preceding paragraphs as if fully set forth herein.

8. Plaintiffs seek injunctive relief and damages against CrossAmerica for violation of the below cost prohibitions set forth in *Alabama Code* § 8-22-1, *et seq.* (1975), as amended, the "Alabama Motor Fuel Marketing Act" (the "Act") which reads, in pertinent part:

> § 8-22-6 Certain below cost fuel sales prohibited.
>
> It shall be unlawful for any person engaged in commerce in this state to sell or offer to sell motor fuel below cost or to sell or offer to sell it at a price lower than the seller charges other persons on the same day and on the same level of distribution, within the same market area, where the effect is to injure competition.

9. Section 8-22-17 expressly provides for the remedies, including injunctive relief, sought by Plaintiffs herein. Section 8-22-17 makes the granting of injunctive relief mandatory upon certain showings. That section provides in part:

> (a) Any person injured by any violation, or who would suffer injury from any threatened violation, of this chapter may maintain an action in any court of equity jurisdiction to prevent, restrain, or enjoin such violation or threatened violation. If in such action a violation or threatened violation of this chapter shall be established, the court <u>shall</u> enjoin and restrain, or otherwise prohibit, such violation or threatened violation and, in addition thereto, the court shall assess in favor of the plaintiff and against the defendant the costs of the suit, including reasonable attorney's fees. (emphasis added).

10. Plaintiffs are injured persons within the meaning of *Alabama Code* § 8-22-17(a). Plaintiffs are injured, among other ways, in that Defendant's illegal practices have cost them sales and gross gasoline margin. Therefore, Plaintiffs are the proper persons to seek the relief requested. Moreover, the hardship imposed on Defendant by the issuance of a preliminary or permanent injunction will be far less than the continued financial injury and hardship which will be imposed upon Plaintiff if such injunctive relief were denied. The effect of the issuance of a preliminary or permanent injunction simply requires Defendant to abide by the law.

11. Section 8-22-6 of the Act prohibits the offer to sell and the sale of motor fuel below cost where the effect is to injure competition. Section 8-22-4(16) defines "Cost to Retailer" such as Defendant as:

> …the most recent invoice or weight-average cost of the motor fuel, whichever is less, less all trade discounts except customary discounts for cash, to which should be added all applicable state, federal and local taxes, inspection fees, freight cost, if paid by the retailer, plus the cost of doing business.[1]

[1] This element of "Cost to Retailer" – before adding the cost of doing business - is often referred to in the industry as the "laid in cost;" being what it cost to "lay the product in the ground" at the subject location, i.e. rack cost, taxes, fees and freight.

12. Section 8-22-4(17) defines "Cost of Doing Business or Overhead Expenses" as follows:

> Includes as costs incurred in the conduct of business, including but not limited to: labor (including salaries of executives and officers), rent (which rent much be no less than fair market value based on current use), interest on borrowed capital, depreciation, selling costs, maintenance of equipment, transportation or freight costs, losses due to breakage or damage; credit card fees, or other charges; credit losses, all types of licenses, taxes, insurance, and advertising.

13. At various and regular times since July of 2021, CrossAmerica has offered to sell and has sold motor fuel at the Facility to retail customers at prices that were lower than its cost as defined by the Act. These offers to sell and sales were made with the intent and had the effect of injuring competitors, to include Plaintiffs.

14. It is Defendant's practice to sell gasoline below cost. The pricing activities of Defendant at the Facility present predatory pricing at its worst. Defendant CrossAmerica violates the below-cost provisions of the Act virtually every day. It sells fuel at retail through dozens of retail facilities in the state of Alabama alone and across the country. CrossAmerica has over 250 retail locations in 10 states. CrossAmerica subsidizes losses at the Facility with profits at other retail locations throughout Alabama and these other 10 states.

15. Defendant again regularly, and as a part of its day in and day out operations sells fuel at costs below its "Cost to Retailer" as defined in the Act. In virtually every instance, such pricing is below even "laid-in cost." Laid-in cost is also the first part of the definition of "Cost to Retailer" as stated above under the Act. CrossAmercia's pricing is so aggressively below cost, such that as noted, it is typically below even its laid-in cost, and Plaintiffs are not even required to prove CrossAmerica's "cost of doing business" i.e., the second part of "Cost to Retailer" under the Act.

16. Defendant's offers to sell and sales of regular unleaded gasoline at the Facility have regularly and consistently been below cost – virtually every day – and constitute a violation of § 8-22-6 of the Act.

17. The offers to sell and sales of gasoline made by Defendant were undertaken with the intent and had the effect of injuring Plaintiffs. These illegal pricing practices have already damaged Plaintiffs' business, and caused irreparable harm, and if these violations are allowed to continue, this Defendant will cause and continue to cause irreparable harm to Plaintiffs.

18. Section 8-22-17 of the Act provides that a court of equity may restrain or enjoin any violation or threatened violation of the Act, and that a successful Plaintiff shall be awarded the costs of suit including reasonable attorneys' fees. Plaintiffs are entitled to an injunction to stop Defendant's illegal activities together with an award of costs and reasonable attorneys' fees.

19. In addition, §8-22-17 provides that injured persons under the Act may bring a civil action for appropriate relief including actual damages. Moreover, §8-22-17(b) provides that "any actual damages found to have resulted from violations of this chapter shall be trebled by the Court in making its award." Plaintiffs have suffered actual damages as a result of Defendant's illegal pricing practices in violation of the Act including, as previously noted, loss of sales/volumes and loss of gross gallon margins.

20. The granting of a preliminary and permanent injunction against Defendant will serve the public interest by prohibiting Defendant from continuing to engage in the type of unfair and predatory practice that the Legislature expressly found to be harmful to the public interest.

Further and specifically with regard to Plaintiffs' request for preliminary injunctive relief, it shows as follows:

21. It would suffer irreparable harm if Defendant is allowed to offer fuel for sale, and to sell such fuel, at the subject locations in violation of the Act.

22. Plaintiffs have a substantial likelihood of success on the merits of its claims against CrossAmerica.

23. Plaintiffs have no adequate remedy at law if the Defendant's actions are not restrained and enjoined by this Court.

24. The injury to Plaintiffs greatly outweighs any harm a preliminary injunction may potentially cause the Defendant, and a preliminary injunction serves the public interest and requires the Defendant to do nothing more than comply with current law, i.e. the Alabama Motor Fuel Marketing Act.

25. Plaintiffs are prepared to post security pursuant to Rule 65(c) of the *Alabama Rules of Court.*

26. In light of the arguments and allegations set forth above, Plaintiffs respectfully request this Court to set a hearing for preliminary injunction at the Court's earliest convenience and consistent with the Court's calendar.

WHEREFORE, PURSUANT TO Rule 65 of the *Alabama Rules of Court*, until a final hearing on the merits, Plaintiffs request this Court to enter a preliminary injunction ordering Defendant's compliance with the Alabama Motor Fuel Marketing Act specifically:

a. Prohibiting CrossAmerica from selling any grade of gasoline at retail prices below Defendant's "Cost to Retailer" of such motor fuel and as provided for in the Act; and granting Plaintiffs their attorney's fees and costs as provided in §8-22-17 of the Act and such other, further or different relief as this Court deems appropriate.

b. Further, after final hearing on the merits, Plaintiffs request this Court enter a Permanent Injunction enjoining CrossAmerica from selling any grade of gasoline at retail prices below Defendant's "Cost to Retailer" of such motor fuel and as provided for in the Act; and granting Plaintiffs their attorney's fees and costs as provided in §8-22-17 of the Act and such other, further or different relief as this Court deems appropriate.

c. Plaintiffs seek all damages suffered as a result of CrossAmerica's illegal pricing practices under the Act pursuant to §8-22-17 and ask the Court to treble those damages and award it all costs and a reasonable attorney's fee and such other, further or different relief that this Court deems appropriate.

d. That Plaintiffs have such other, further or different relief to which this Court deems it entitled.

COUNT II

DECEPTIVE TRADE PRACTICE

27. Plaintiffs incorporate herein by reference the preceding paragraphs as if same were more fully set out herein.

28. Section 8-22-3 of the Act declares that the acts of CrossAmerica in selling below cost with the intent to injure competition is an unfair and deceptive trade practice as that term is defined in Section 8-19-5 *Ala. Code (1975),* otherwise known as the Alabama Deceptive Trade Practices Act ("DTPA").

29. At various times since July of 2021, CrossAmerica has sold gasoline below cost as defined in the Act with the intent and in actuality causing harm to Plaintiffs. Such acts are deceptive trade practices and violate one or more of the following specific provisions of the DTPA:

> Section 8-19-5(11):
>
> Making a false or misleading statement of fact concerning the reasons for, existence of or amount of price reduction; or
>
> Section 8-19-5(22):
>
> Engaging in another unconscionable, false, misleading or deceptive act or practice in the conduct or trade of commerce.

30. Plaintiffs contend that each sale or transfer of motor fuel to wholesale customers by CrossAmerica constitutes a separate violation of the DTPA and subjects it to the appropriate penalties and costs.

WHEREFORE, Plaintiffs pray as follows:

(a) That the Court issue a preliminary and permanent injunction enjoining CrossAmerica from selling any grade of gasoline at retail price below Defendant's "Cost to Retailer" of such motor fuel and as provided in the Act;

(b) That the Plaintiffs recover from CrossAmerica all court costs and reasonable attorney's fees pursuant to §8-22-17 of the Act;

(c) That the Plaintiffs recover all available damages, penalties and other benefits for Defendant's violation of the Deceptive Trade Practices Act; and its violations set forth in Counts I and II above.

(d) That Plaintiffs have such other, further or different relief to which this Court deems it entitled, to include without limitation, the trebling of all actual damages found to have resulted from the violations herein as required by *Ala. Code* § 8-22-17(b).

H. Dean Mooty, Jr. (MOO018)
Robert S. Mooty (MOO127)
Attorneys for Plaintiffs Southern Oil Company, Inc. and Sipsey River Oil Corporation

OF COUNSEL:

MOOTY & ASSOCIATES, P.C.
600 Clay Street
Montgomery, Alabama 36104
Telephone: (334) 264-0400
Facsimile: (334) 264-0380
E-mail: hdm@mooty-assoc.com
rsm@mooty-assoc.com

**DEFENDANT CROSSAMERICA PARTNERS LP TO BE SERVED BY CERTIFIED MAIL AT:**

**CrossAmerica Partners LP**
**c/o Its Registered Agent for Service in Alabama**
**CT Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, Alabama 36104**